J-S25019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CRAIG S. MARKELY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABBY E. JONES, WILLIAM K. JONES | : | No. 199 WDA 2022 |
| AND BARBARA A. JONES | : | |

Appeal from the Order Entered January 25, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-21-6750

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: AUGUST 30, 2022**

Craig S. Markely ("Appellant") appeals from the Order entered in the Allegheny Court of Common Pleas on January 25, 2022, denying a permanent injunction and awarding custody of Koda and Oakley, two Pembroke Welsh Corgi dogs, to Abby E. Jones ("Appellee").[1]

We glean the following factual and procedural history from the trial court's Opinion and the record. Appellant and Appellee lived together from February 2018 to March 2021 in Appellant's home.   During the relationship, Appellant purchased Koda on November 30, 2019, as a Christmas present for Appellee; in May 2020, they purchased Oakley together with Barbara Jones, Appellee's mother, contributing a significant amount of the funds.

---

[1] Appellant's counsel, Jill A. Devine, Esq., filed an Application to Withdraw as Counsel on July 26, 2022.  We grant counsel's application, effective thirty days after the date of this Memorandum's filing.

In March 2021, when the couples' relationship ended and Appellee left the residence, Appellee took Koda and Oakley with her to live at her parents' house.[2] Appellee subsequently obtained two Protection from Abuse orders against Appellant based on allegations that Appellant had physically abused her and was harassing her. During a search of Appellant's home, police officers found several firearms. The Commonwealth charged Appellant with weapons violations, harassment, and assault.[3]

On June 15, 2021, Appellant filed a civil complaint against Appellee seeking money damages for alleged property damage and removing contents from his home, as well as a claim for intentional infliction of emotional distress. On June 17, 2021, Appellant filed a Motion for Injunctive Relief seeking the immediate return of both dogs.

On July 1, 2021, the court held a hearing on the motion. Appellant testified that he had purchased both dogs, and that Koda was his emotional support dog, certified as such by his therapist with whom he met regularly at the Wellness Recovery Center where he was in treatment for drug and alcohol addiction, depression, anxiety, and PTSD. Appellant's counsel informed the court that Appellant was scheduled for sentencing in August 2021 for multiple felonies and a simple assault in an unrelated matter. ***See generally*** N.T.,

---

[2] Appellant named Appellee's parents, Barbara and William Jones, as defendants in his complaint.

[3] Appellant pled guilty to those charges and was sentenced on March 30, 2021, to 11 and ½ to 23 months' incarceration following by 7 years' probation and no contact with the victim (here, Appellee).

- 2 -

7/1/21, at 5-30. Appellee's counsel presented evidence of Appellant's previous convictions for felony *crimen falsi* offenses.

Appellee testified that both Koda and Oakley belonged to her, stating that Appellant gave Koda to her as a Christmas gift, and she and her mother had purchased Oakley with their own funds with a contribution of $200 from Appellant. She also testified that she paid for both dogs' vaccinations and veterinarian bills, and that Appellant did not license the dogs until after she had filed the PFA against him. She further testified that the only reason Appellant is listed as the owner of Oakley is because she was holding the puppy while Appellant handled the transaction with the seller. Appellee also testified that she was afraid Appellant would harm the dogs because during arguments, he had threatened to kill the dogs. She also stated that she had seen Appellant abuse another dog, Bella, who lived with Appellant's mother and that Appellant had recently purchased a new dog, Axel. ***See id.*** at 32-45.

The court entered a preliminary injunction on July 1, 2021, placing Koda with Appellant and Oakley with Appellee pending eventual hearings on a permanent injunction and damages. See N.T. Hearing, 7/1/21, at 48. Discovery ensued.

On October 8, 2021, Appellant discontinued his action by Praecipe and Appellees filed a motion requesting that Appellant discontinue his injunction action and return Koda to Appellee or that the court maintain jurisdiction and resolve the injunction action.

On January 15, 2022, the court held a hearing solely on the permanent injunction and the ownership of Koda. According to the trial court, the testimony essentially mirrored the testimony provided at the July preliminary injunction hearing and Appellees proffered copies of Wellness Recovery Center records indicating that, contrary to Appellant's testimony at the preliminary injunction hearing, Appellant had not undergone treatment which led to the alleged certification of Koda as his Emotional Support Dog. Appellant admitted that he had had a single visit with a therapist for a biopsychosocial assessment in March of 2020, and that he did not receive treatment at the Wellness Recovery Center; rather, he only transported patients. Tr. Ct. Op., 4/14/22, at 5-6.

Appellee testified, *inter alia*, that she had never heard Appellant's claim that Koda was his therapy dog until the July 2021 preliminary injunction hearing. Appellee's father testified that Koda was a Christmas surprise from Appellant, and that Appellant had approached him at one hearing and suggested that, in the event Appellant is incarcerated, Appellee would care for Koda. **See id.** at 6.

On January 24, 2022, the court denied Appellant's request for a permanent injunction and awarded Koda and Oakley to Appellee, directing Appellant to return Koda to Appellee immediately.

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following questions for our review:

1. Whether the trial court's reasons for awarding both dogs to Appellee are discernable from the record?

2. Whether the trial court's decision to award both dogs to Appellee was supported by the evidence?

3. Whether the trial court committed an abuse of discretion in awarding both dogs to Appellee?

Appellant's Br. at 4.

We address Appellant's issues together.[5] Appellant summarily asserts that the reasons for the court's decision "are not discernable from the record" because "[n]o reason was given for the [c]ourt's reversal regarding the dog

_____

[4] After the court entered its order awarding custody of Koda and Oakley to Appellee, Appellant refused to return Koda. On February 11, 2022, Appellee filed a Motion for Contempt against Appellant for refusing to return Koda. On February 18, 2022, Appellant's counsel presented a Motion for a Stay Pending Appeal, which the court denied. The court granted Appellee's Motion for Contempt that same day and ordered Appellant or anyone in possession of Koda to return Koda to Appellee no later than February 19, 2022, and to post a bond of $1,000.00. The order also provided that Appellees may contact law enforcement to assist them in the return of Koda and that any law enforcement officer had to the authority to seize Koda and return him to Appellees. The record does not indicate whether Koda now resides with Appellee.

[5] Our review of the grant or denial of a final or permanent injunction "is limited to determining whether the trial court committed an error of law." *Buffalo Twp. v. Jones*, 813 A.2d 659, 663–64 (Pa. 2002).

- 5 -

Koda." Appellant's Br. at 7. Appellant also argues that the court's decision to award the dogs to Appellee after the permanent injunction hearing is not supported by the evidence.[6] *Id.* Appellant avers, without citation to the record, that he "presented clear evidence of ownership for both dogs: titles, payment receipts, veterinary records, and dog licenses, all of which are in Appellant's name." *Id.* He also boldly asserts, without citation to the record, that he presented documentary evidence that Koda was certified as his emotional support dog. *Id.* at 7-8. Finally, Appellant argues, again without citation to the record or legal authority, that the court abused its discretion in "revers[ing] its own decision regarding the dog Koda and award[ing] both dogs to Appellee . . . [b]ecause no Appellee established a 'clear right of relief' to either dog[.]'" *Id.* at 8. We find Appellant's issues waived for the following reasons.

Appellant's brief suffers from substantial defects that hamper our ability to provide meaningful review of his issues. The brief includes no citations to the record or to legal authority to support Appellant's claims, as required by our rules of appellate procedure. *See* Pa.R.A.P. 2119 (setting forth argument

---

[6] Appellant mischaracterizes the trial court's decision as a "grant of a mandatory injunction," citing case law to support his claim that Appellee had the burden of establishing her clear right to relief. Appellant's Br. at 7. In fact, the court's order denied the permanent injunction requested by Appellant. Because Appellant had requested the injunction, he had the burden of establishing a clear right to relief. *Buffalo Twp.*, 813 A.2d at 663.

briefing requirements, including "discussion and citation of authorities" and "reference to the place in the record where the matter refers to appears"). In addition, the brief presents no legal analysis at all and includes only self-serving summary statements essentially requesting this Court to reweigh the evidence.

Appellant's brief is so deficient that in order to address the issues that Appellant raises on appeal, this Court would have to articulate the factual and legal basis to support those issues. This court cannot act as counsel for Appellant and advocate on his behalf. **9795 Perry Highway Mgmt., LLC v. Bernard**, 273 A.3d 1098, 1103 (Pa. Super. 2022). Further, "[w]hen deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived." **Id. See also** Pa.R.A.P. 2101 ("if the defects . . . are substantial, the appeal or other matter may be quashed or dismissed.").

Additionally, it is well-settled that it is an appellant's responsibility to ensure that the record certified to this Court is complete. **Commonwealth v. Holston**, 211 A.3d 1264, 1276 (Pa. Super. 2019) (*en banc*). Without a complete record containing documents pertaining to the issues raised on appeal, this Court is unable to review their merits and will deem the issues waived. **See**, **e.g.**, **id**. at 1276-77 (finding issue waived where the Commonwealth as the appellant failed to provide a complete certified record).

The certified record in this appeal does not contain the transcript from the January 15, 2022 hearing.

Accordingly, we find that Appellant waived his challenges to the trial court's decision because (1) Appellant has filed a deficient brief that fails to address the legal and factual basis for the challenges to the trial court's decision and (2) has failed to provide us with a complete record. We, thus, affirm the trial court's order denying Appellant's motion for an injunction and awarding custody of the dogs to Appellee.

Order affirmed. Application to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2022